10-0131-cv
Scientific Components Corp. v. Sirenza Microdevices, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

Present:    ROGER J. MINER,
            ROBERT A. KATZMANN,
                            *Circuit Judges*,
            DENISE COTE,
                            *District Judge*.[*]

_____

SCIENTIFIC COMPONENTS CORP. d/b/a MINI-CIRCUITS LABORATORY,

                *Plaintiff-Counter-Defendant-Appellant,*

                - v. -                          No. 10-0131-cv

SIRENZA MICRODEVICES, INC.,

                *Defendant-Counter-Claimant-Appellee.*

_____

For Plaintiff-Counter-Defendant-Appellant:    GARY ETTELMAN (Suzanne B. Fertig, *on the brief*), Ettelman & Hochheiser, P.C., Garden City, N.Y.


For Defendant-Counter-Claimant-Appellee:    PETER BROWN (Sammi Malek, *on the brief*), Baker & Hostetler LLP, New York, N.Y.

_____

    [*] The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Wolle, *J.*).**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-counter-defendant-appellant Scientific Components Corporation, d/b/a Mini-Circuits Laboratory ("Mini-Circuits"), appeals from a judgment of the United States District Court for the Eastern District of New York (Wolle, *J.*), entered on December 18, 2009, dismissing plaintiff's claims in their entirety. After discovering that the amplifiers it purchased from Defendant-counter-claimant-appellee Sirenza Microdevices, Inc. ("Sirenza") exhibited "low frequency oscillation" ("LFO"), Mini-Circuits brought suit asserting that the presence of LFO constituted a breach of an express warranty that the amplifiers would be "unconditionally stable," breach of an express warranty that they would be free from defect in materials and workmanship, and breach of an implied warranty of merchantability. After a three-day bench trial, the district court concluded that Mini-Circuits failed to prove any of its claims by a preponderance of the evidence. We assume the parties' familiarity with the remaining facts and procedural history of the case.

As this case arrives on appeal from a bench trial, "we review the District Court's findings of fact for clear error, but we review *de novo* its conclusions of law and its resolution of mixed questions of fact and law." *MacWade v. Kelly*, 460 F.3d 260, 267 (2d Cir. 2006); *see also* FED. R. CIV. P. 52(a)(6) ("Findings of fact . . . must not be set aside unless clearly erroneous."). Clear error review "is a deferential standard of review grounded, *inter alia*, on the belief that district courts have a good deal of 'expertise' when it comes to fact-finding." *Zervos v. Verizon N.Y.,*

_____

** The Honorable Charles R. Wolle, Senior United States District Judge for the District of Iowa, sitting by designation.

2

*Inc.*, 252 F.3d 163, 168 (2d Cir. 2001).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted).  "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  *Id.* at 573–74.  Moreover, if the district court bases its determinations on the witnesses' credibility, "Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."  *Id.* at 575; *see also* FED. R. CIV. P. 52(a)(6).

On appeal, Mini-Circuits argues principally that (1) the district court failed to find the facts specially and state separately the conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure; (2) the factual findings for each of Mini-Circuits's warranty claims are clearly erroneous; and (3) the district court attempted to insulate its factual findings by couching them as credibility determinations.  We disagree.

Federal Rule of Civil Procedure 52(a) states that the district court "must find the facts specially and state its conclusions of laws separately."  Rule 52(a) "requires the court to make sufficiently detailed findings to inform the appellate court of the basis of the decision and to permit intelligent appellate review."  *Krieger v. Gold Bond Bldg. Prods.*, 863 F.2d 1091, 1097 (2d Cir. 1988).  We have held that "Rule 52(a) does not require '[]either punctilious detail []or slavish tracing of the claims issue by issue and witness by witness.'"  *Fair Hous. in Huntington Comm. Inc. v. Town of Huntington*, 316 F.3d 357, 364 (2d Cir. 2003) (quoting *Krieger*, 863 F.2d at 1097).  Even where the district court's opinion may have benefitted from additional

3

elaboration, "we may proceed with our review . . . if we can discern enough solid facts from the record to enable [us] to render a decision." *Tekkno Labs., Inc. v. Perales*, 933 F.2d 1093, 1097 (2d Cir. 1991) (internal quotation marks omitted). Here, the district court's opinion provides a sufficiently detailed procedural history of the case, discusses relevant testimony and its credibility findings, and then concludes that the evidence did not satisfy the legal standard. The district court's opinion is neither "perfunctory nor conclusory nor vague," *Krieger*, 863 F.2d at 1097, and thus is more than adequate to permit appellate review by this Court.

We also conclude that the district court's factual findings regarding the warranty claims were not clearly erroneous.

Under section 2-313 of the New York Uniform Commercial Code ("N.Y. U.C.C."), an express warranty is created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain," by "[a]ny description of the goods which is made part of the basis of the bargain," or by "[a]ny sample or model which is made part of the basis of the bargain." N.Y. U.C.C. § 2-313(1)(a)–(c) (McKinney 2001). The seller need not use words such as "warrant" or "guarantee" to create an express warranty. *Id.* § 2-313(2). On appeal, Mini-Circuits argues that it relied on Sirenza's representation that the amplifiers would be "unconditionally stable," and therefore Sirenza created an express warranty to that effect.

The district court's finding of fact that "unconditional stability" did not form part of the parties' agreement is not clearly erroneous. The record demonstrates that the parties stipulated before trial that "Mini-Circuits submitted its own electrical specifications, and Sirenza agreed to manufacture amplifiers in accordance with Mini-Circuits' specifications. The specifications did not expressly mention low frequency oscillation." J.A. 117. The district court credited the testimony of Sirenza's expert witness that the parties were aware that the material used as a

4

substrate in the amplifiers—gallium arsenide—was prone to LFO. Mini-Circuits, by substituting its own specifications, did not require Sirenza to test for LFO or provide amplifiers that did not exhibit LFO, a finding to which this Court owes considerable deference. *See Bessemer City*, 470 U.S. at 575. It was not clearly erroneous for the district court to find that Mini-Circuits's specifications superseded any representations of unconditional stability that may have been contained in Sirenza's specifications for its own line of amplifiers, and therefore Sirenza made no express warranty of unconditional stability.

That same factual finding also supports the district court's conclusion that there was no breach of an express warranty that the amplifiers would "be free from defects in materials and workmanship," which appeared on the reverse side of Mini-Circuits's purchase orders. Having failed to control for it in the specifications, Mini-Circuits cannot now complain that the presence of LFO would constitute a "defect." We thus find no clear error in the district court's conclusion that "[t]he evidence proves the amplifiers as manufactured and delivered performed to the plaintiff's design specifications." S.P.A. 5.

We now turn to the implied warranty of merchantability. N.Y. U.C.C. § 2-314(2)(c) requires that goods be "fit for the ordinary purposes for which such goods are used." An inquiry into merchantability "focuses on the expectations for the performance of the product when used in the customary, usual and reasonably foreseeable manners." *Denny v. Ford Motor Co.*, 639 N.Y.S.2d 250, 256 (1995). "A warranty of fitness for ordinary purposes does not mean that the product will fulfill [a] buyer's every expectation." *Id.* at n.4 (internal quotation marks omitted; brackets in original). Instead, it means that the warranty "provides for a minimal level of quality." *Id.* (internal quotation marks omitted). In light of its finding that the parties were aware of the limitations of gallium arsenide amplifiers, the district court concluded that the amplifiers were fit for ordinary, proper uses and were merchantable. That finding is not clearly

erroneous and is further corroborated by Sirenza's expert testimony that Mini-Circuits's customers who complained of LFO had used the amplifiers in a manner for which they were not intended based on the amplifiers' specifications.

Having found the district court's factual findings not to be clearly erroneous, we are persuaded, substantially for the reasons stated in the district court's opinion, that Mini-Circuits has failed to establish by a preponderance of the evidence that Sirenza breached any express or implied warranty. We therefore decline to reach Mini-Circuits's argument regarding Sirenza's limited liability disclaimer.

Finally, as to Mini-Circuits's argument concerning the district court's credibility determinations, although this Court gives considerable deference to the district court's credibility findings, "the trial judge may [not] insulate his findings from review by denominating them credibility determinations." *Bessemer City*, 470 U.S. at 575. Here, where the district court considered the credibility of the parties' witnesses, weighed their respective testimonies, and credited the testimony of a more credible witness, we find no basis to conclude that the district court attempted to insulate its findings of fact as credibility determinations. Therefore, we will not disturb those findings on appeal. *See id.* at 575–76 ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.").

Accordingly, for the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6